UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ROBERT ILUMIN, an individual and MARILYN ILUMIN, an individual | ) ) ) | CV 09-03547 SVW (VBKx) |
| Plaintiffs, | ) ) | |
| v. | ) ) | ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' |
| COUNTRYWIDE HOME LOANS, INC., a New York corporation; COUNTRYWIDE HOME LOANS, INC. d/b/a/ AMERICA'S WHOLESALE LENDER, a New York corporation, and DOES 1 through 10, inclusive | ) ) ) ) ) ) | MOTION TO DISMISS AND DENYING DEFENDANTS' REQUEST TO EXPUNGE LIS PENDENS [32] |
| Defendants. | ) ) | |

**I.   Introduction**

        On November 6, 2009, Defendants Countrywide Home Loans Inc., and
Countrywide Home Loans, Inc. d/b/a America's Wholesale Lender
("Defendants" or "Countrywide") filed this motion to dismiss under Rule
12(b)(6).  The Court finds this motion suitable for resolution without
oral argument.  <u>See</u> Local Rule 7-15.  Thus, the hearing set for
December 7, 2009 is hereby vacated.

        For the reasons stated below, Defendants' Motion to Dismiss is
GRANTED in part, and DENIED in part.  The Motion is GRANTED with regard
to Plaintiffs' Second, Fourth, and Sixth Causes of Action.  These

claims are hereby DISMISSED.  The Motion is DENIED as to Plaintiffs'
First, Third, and Fifth Causes of Action.  Finally, Defendants' Motion
to Expunge the Lis Pendens is DENIED.

**II.  Facts**

This case arises out of a federally-regulated mortgage transaction
between Plaintiffs Robert Ilumin and Marilyn Ilumin and Defendants,
which closed on May 23, 2006.  (First Amended Complaint ["FAC"] ¶ 14.)
The amount of the loan was $520,000, and was secured by Plaintiffs'
principal dwelling.  (FAC ¶ 18-19.)  The loan was not used to acquire or
construct the dwelling, but rather was a refinancing to pay off
"previous consumer debts including lien mortgage debt."  (FAC ¶ 23.)

Plaintiffs allege that, during the closing, Plaintiffs were not
provided with the material disclosures required by the Truth In Lending
Act ("TILA"), and that Plaintiffs were charged fees for services that
were not performed, in violation of the Real Estate Settlement
Procedures Act ("RESPA").  Plaintiffs further allege that they sent a
Notice of Rescission to Defendants, and a Qualified Written Request for
information about their loan under RESPA, on February 26, 2009.  (FAC ¶¶
35-38.)  Defendants allegedly did not respond to these letters.  (Id.)

There is no allegation in the FAC indicating that Plaintiffs are
in default on the loan, or that foreclosure proceedings have commenced.
However, Plaintiffs imply in their Opposition to Defendants' Motion to
Dismiss that the loan is in default.  (Opp'n at 9.)

Plaintiffs filed this lawsuit on April 21, 2009, and filed a First
Amended Complaint ("FAC") on October 21, 2009.  The FAC alleges six
causes of action for: (1) Rescission under TILA, 15 U.S.C. § 1635, (2)
Damages under TILA, 15 U.S.C. § 1640, (3) violation of RESPA, 12 U.S.C.

§§ 2605 and 2607, (4) violations of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §§ 1692 *et seq.*, (5) violation of California's Unfair Competition Law, California Business and Professions Code §§ 17200 *et seq.*, and (5) Quiet Title.

**III. Analysis**

   **A.   Legal Standard**

   On a motion to dismiss, all allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party. <u>Daniel v. County of Santa Barbara</u>, 288 F.3d 375, 380 (9th Cir. 2002). A complaint must satisfy the minimal notice pleading requirements of Federal Rule of Civil Procedure 8(a)(2) and must give the defendant "fair notice of what the . . . claim is and the grounds upon which it rests." <u>Conley v. Gibson</u>, 355 U.S. 41, 47 (1957). "A plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 545 (2007). Factual allegations must be enough to raise a right to relief above the speculative level. <u>Id</u>. The court is not required to accept "unreasonable inferences or conclusory legal allegations cast in the form of factual allegations." <u>Estate of Migliaccio v. Midland Nat'l Life Ins. Co.</u>, 436 F. Supp. 2d 1095, 1098 (2006).

   **B.   TILA Rescission Claim**

   Defendants launch three arguments against Plaintiffs' claim for rescission under TILA, 15 U.S.C. § 1635. First, Defendants argue that the claim is time-barred. Second, and related to the statute of limitations, Defendants claim that Plaintiffs have not stated a claim

for the failure to provide material disclosures triggering the right to rescission under 15 U.S.C. § 1635(a) and Regulation Z, 12 C.F.R. 226.23(c). Finally, Defendants argue that Plaintiffs' claim fails because Plaintiffs have not alleged that they can or will tender the borrowed funds back to Countrywide. For the reasons stated below, and principally because Defendants misunderstand the function of a motion to dismiss, these arguments fail.

### 1.   Statute of Limitations

TILA provides that a borrower shall have the right to rescind a transaction until "midnight of the third business day following the consummation of the transaction or the delivery of the information and rescission forms required under this section . . . whichever is later." 15 U.S.C. § 1635(a); 12 C.F.R. § 226.23(a)(3). However, where the borrower was not provided with the required notices or material disclosures, the right to rescind is extended to "3 years after consummation [of the transaction], upon transfer of all the consumer's interest in the property, or upon sale of the property, whichever occurs first." 12 C.F.R. § 226.23(a)(3).

Here, the transaction was consummated on May 23, 2006 FAC ¶ 14); however, Plaintiffs allege that they were not provided with all the material disclosures required under TILA and that the disclosures that were provided were misleading or confusing. (See FAC ¶¶ 19-21, 29-30.) Thus, assuming Plaintiffs' allegations are sufficient to state a claim (this is addressed immediately below), the statute of limitations for a rescission action under TILA would be three years after the date of the consummation of the transaction in May 2009.[1] Plaintiffs filed this

---

[1] There are no allegations indicating that the Plaintiffs have transferred all their interest in the property or sold the property.

1   action in April 2009, and also sent a notice of rescission to

2   Defendants within the three-year time period.  (FAC ¶ 35.)

3          **2.   Failure to State a Claim**

4          Defendants contend that Plaintiffs fail to state a claim for

5   rescission under TILA because (1) the disclosures Plaintiffs allege

6   they did not receive are not material and do not give rise to a right

7   to rescind; and (2) Defendants have evidence sufficient to demonstrate

8   that Plaintiffs did receive the required material disclosures.  These

9   arguments lack merit at this stage in the litigation.

10          The Court agrees with Defendants that not all failures to disclose

11   will give rise to a borrower's right to rescind a transaction under

12   TILA.  TILA provides that the borrower has a right to rescind, that

13   extends for a period of up to three years after the consummation of the

14   transaction, if the lender fails to provide the "material disclosures."

15   15 U.S.C. § 1635, Regulation Z, § 226.23(a)(3).  The term "material

16   disclosures" includes "the required disclosures of the annual

17   percentage rate, the finance charge, the amount financed, the total of

18   payments, the payment schedule, and [additional disclosures required by

19   § 226.32(c) and (d) and 226.35(b)(2)]."  Regulation Z, § 226.23(a)(3)

20   n.48.  Additionally, TILA requires that, in any transaction subject to

21   rescission, the creditor must provide the borrower with "two copies of

22   the notice of the right to rescind."  Id. § 226.23(b)(1); see 15 U.S.C.

23   1635(a).  The notice of the right to rescind must "clearly and

24   conspicuously" disclose, among other things, the consumer's right to

25   rescind, how to exercise said right, and the date the rescission period

26   expires.  Regulation Z, § 226.23(b)(1)(ii), (iii) and (v).

27          Many of the disclosures Plaintiffs allege that Defendants failed

28

to provide are not "material disclosures," as defined under TILA and Regulation Z – e.g., the Patriot Act Disclosure.  (See FAC ¶ 29-30.) Further, the Court agrees with Defendants that some of the disclosures identified – for example, the Adjustable Rate Riders[2] – appear to be irrelevant to the loan transaction entered into by the parties.  (Mot. at 6-7.)  Nonetheless, Plaintiffs did allege that they received only *one* copy of the Notice of Right to Cancel (the rescission notice) and that it was not signed or dated.  (FAC ¶ 30.)  Plaintiffs also attached the unsigned and undated copy of the Notice of Right to Cancel they allegedly received as an Exhibit to the FAC.  (FAC, Exh. 6.)  Thus, accepting Plaintiffs' factual allegations as true (as the Court must do on a motion to dismiss), Plaintiffs did not receive two copies of the notice of rescission as required by 12 C.F.R. § 226.23(b), and were not put on notice of the date the rescission period expired.  These allegations are sufficient to withstand a motion to dismiss.

Further, Plaintiffs also alleged that the Federal Truth in Lending Disclosure Statement ("TIL Disclosure Statement") they received, which lists the annual percentage rate, finance charge, amount financed, total payments and number of payments for the loan transaction, contained information that differed from the amounts included in the Note.  (FAC ¶¶ 19-20.)  Specifically, the Note stated that the amount financed was $520,000, at an interest rate of 6.40%, while the TIL Disclosure Statement provided that the amount financed was $507,398 at an interest rate of 6.24%.  Thus, Plaintiffs argue that the disclosures they received were inaccurate, or at least inconsistent and misleading. (Opp'n at 4.)

---

[2] The loan transaction at issue was a fixed-rate loan.  (FAC ¶ 18.)

The purpose of TILA is to provide "a meaningful disclosure of credit terms." 15 U.S.C. § 1601(a).  TILA requires that the disclosures be "clear and conspicuous," and contemplates that the disclosure of financial terms will be substantially accurate.  <u>See</u> Regulation Z, § 226.23(b) and (g) (providing limited tolerances for accuracy – e.g., the amount financed shall be deemed accurate if it is understated by no more than $100).  Thus, a lender may be subject to liability for violations of TILA if the disclosures provided are complete but nonetheless misleading.  <u>See</u>, <u>e.g.</u>, <u>Smith v. Chapman</u>, 614 F.2d 968, 977 (5th Cir. 1980); <u>Barnes v. Fleet Nat'l Bank</u>, 370 F.3d 164, 174 (1st Cir. 2004); <u>Roberts v. Fleet Bank</u>, 342 F.3d 260, 267-29 (3d. Cir. 2003); <u>Rossman v. Fleet Bank (R.I.) Nat'l Ass'n</u>, 280 F.3d 384, 390 (3d. Cir. 2002).  Plaintiffs' factual allegations regarding the inconsistent disclosures they received are sufficient to state a rescission claim.

Defendants respond to these allegations by asking the Court to take judicial notice of documents purporting to show that Plaintiffs received accurate disclosures as required by TILA.  For example, Defendants submit a Notice of Right to Cancel (rescission notice) that is both dated and purportedly signed by Plaintiffs.  (Request for Judicial Notice ["RJN"], Exh. G.)  The Notice states that Plaintiffs acknowledge receipt of two copies of the Notice of Right to Cancel.  (<u>Id.</u>)  Further, Defendants request that the Court take judicial notice of an Itemization of Amount Financed, purportedly signed by Plaintiffs, which appears to explain the $507,398 amount financed.  (RJN, Exh. H.)

However, the Court cannot take judicial notice of the documents submitted by Defendants nor can it otherwise consider them on a motion

to dismiss.  See Anderson v. Angelone, 86 F.3d 932, 934 (9th Cir. 1996) (finding that, as a general rule, the court may not consider material other than the facts alleged in the Complaint and the documents attached thereto on a motion to dismiss).  First, the documents submitted by Defendants are not the proper subject of judicial notice under Federal Rule of Evidence 201 because they are not "capable of accurate and ready determination by resort to sources whose accuracy cannot be questioned."  Fed. R. Evid. § 201.

Second, the Court cannot consider the documents under the rule in Branch v. Tunnell, 14 F.3d 449, 454 (9th Cir. 1994).  In Branch v. Tunnell, the Ninth Circuit held that the court may consider documents submitted by a defendant on a motion to dismiss if: (1) the plaintiff's complaint refers to the documents, (2) the documents are central to plaintiff's claim, and (3) no party questions the authenticity of the copies of such documents submitted with the motion to dismiss.  Id. This exception is designed to prevent plaintiff from surviving a motion to dismiss by deliberately omitting documents upon which plaintiff's claims are based.  Pension Benefit Guar. Corp. v. White Consolidated Indust., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993).

Here, however, the requirements of Branch are not met with regard to the documents submitted.  Regarding the Notice of Right to Cancel, Plaintiffs expressly alleged that they did not receive two copies of the notice, did not receive a dated notice, and only received an unsigned copy.  (FAC ¶ 30.)  Thus, there necessarily is a dispute as to the authenticity of the signed and dated Notice of Right to Cancel submitted by Defendants.  (RJN, Exh. G.)  Similarly, Plaintiffs do not refer to the Itemization of Amount Financed in their First Amended

Complaint; thus, the first requirement of <u>Branch</u> is not met.  (RJN, Exh. F.)[3]

In sum, the Court is confined to the factual allegations and documents attached as exhibits to the FAC in deciding this motion to dismiss.  Accepting the factual allegations as true, and resolving all reasonable inferences in favor of Plaintiffs, the Court finds that Plaintiffs have stated a valid claim for rescission under TILA.

Defendant is invited to bring a motion for summary judgment if it believes that admissible evidence will demonstrate that there is no genuine issue of fact regarding Plaintiffs' rescission claim.

### 3.   Failure to Plead the Ability to Tender

Defendant's final argument against Plaintiffs' rescission claim is that Plaintiffs have failed to allege their ability tender.  This argument is based on a misunderstanding of the applicable law and the requirements of a motion to dismiss.

A borrower is not required to *allege* the ability to tender to state a valid claim for rescission under TILA, nor is the borrower required to include a tender of payment along with a notice of rescission.  IRegulation Z, 12 C.F.R. § 226.23(a)(3), provides that the consumer shall have the "right to rescind" a loan transaction for up to three years after the consummation of the transaction if the required disclosures were not made.  "To exercise the right to rescind, the consumer shall notify the creditor of its rescission by mail, telegram

---

[3] For the same reason, the Court will not take judicial notice of the Loan Application Disclosure Acknowledgement dated May 24, 2006.  (RJN, Exh. H). The Court will, however, take judicial notice of the Deed of Trust, Note, and Truth in Lending Disclosure submitted as Exhibits C, D, and E to the Request for Judicial Notice.  Each of these documents is referred to, and indeed, attached to the FAC.  (FAC ¶ 18, 20, Exhs. 2, 3, and 4.)

or other means of written communication." <u>Id.</u>  Regulation Z does not
require the consumer to include a tender of payment or even an offer of
tender in the notice of rescission.  Instead, section 226.23(d)
expressly provides that the obligation to tender any money or property
to the creditor arises only after (1) the consumer sends a notice of
rescission to the creditor, and (2) the creditor returns to the
consumer any money or property given in connection with the transaction
and takes steps to terminate the security interest.  12 C.F.R §
226.23(d); see <u>Hernandez v. Hilltop Financial Mortg., Inc.</u>, 622 F.
Supp. 2d 842, 849 (N.D. Cal. 2007) (consumer has no obligation to
tender or make an offer to tender the loan proceeds as part of the
notice of rescission).  "This reverses the normal common law
requirement that the party seeking rescission must first tender back
the property received." Barron, Berenson, & Rosin, Federal Regulation of Real
Estate and Mortgage Lending, § 10:78 n.1 (4th ed. 2009).

   <u>Yamamoto v. Bank of New York</u> does not alter this rule.  329 F.3d
1167 (9th Cir. 2003).  In <u>Yamamoto</u>, the Court was not addressing a
motion to dismiss.  Thus, Yamamoto did not discuss the *pleading
requirements* for a TILA rescission claim.  Instead, the Court was
considering whether, on a motion for summary judgment, the Court could
require the plaintiffs to demonstrate that they would be able to tender
the proceeds of the loan transaction, assuming they were to prevail on
the rescission claim.  329 F.3d 1167, 1168 (9th Cir. 2003).  In
<u>Yamamoto</u>, the plaintiffs had admitted to the district court that they
were unable to tender the proceeds of the loan.  <u>Id.</u> at 1169.  Thus,
the district court allowed the plaintiffs sixty days to try and meet
the tender obligation prior to ruling on the rescission claim.  When

10

plaintiffs failed to meet the condition of demonstrating an ability to tender, the court entered summary judgment for defendant.  Id.

The Ninth Circuit upheld the ruling.  The court held that rescission is an equitable doctrine and Regulation Z § 226.23(d)(4) expressly provides that the court can alter the sequence of procedural requirements for effecting rescission under § 226.23(d). Id. at 1170-1172.  In light of these considerations, the Ninth Circuit held: "[T]he [district] court may impose conditions on rescission to assure that the borrower meets her obligations once the creditor has performed its obligations." Id. at 1173.  In so doing, however, the district court should take into account "all of the circumstances, including the nature of the violations and the borrower's ability to pay the proceeds." Id.  Where "it is clear *from the evidence* that the borrower lacks the capacity to pay back what she has received (less interest, finance charges, etc.)" the court has discretion to require plaintiffs to make tender prior to granting rescission of the transaction.  Id. (emphasis added).

In sum, Yamamoto did not hold that a plaintiff must *plead* the ability to tender in order to state a claim for rescission.  Rather, Yamamoto merely established that the court has discretion to require the plaintiff to produce evidence of the ability to tender prior to issuing a final ruling on the rescission claim.  Further, TILA and Regulation Z do not require the Plaintiffs to make an offer of tender in their notice of rescission.

Thus, while the Court very well may condition its final ruling on the rescission claim on a requirement that Plaintiffs demonstrate an ability to tender, whether the Plaintiffs are ready, willing, and able

to tender is a factual question more properly addressed at a later stage in the proceedings.

### C.   TILA Damages Claim

Plaintiffs' second cause of action is for damages under TILA.  As stated above, Plaintiffs allege that Defendants failed to provide all the required disclosures under TILA prior to the consummation of the transaction, and by provided disclosures that were inaccurate or misleading, in violation of 15 U.S.C. §§ 1601 *et seq*. and Regulation Z, 12 C.F.R. §§ 226.17, 226.23.  Plaintiffs' claim for damages is barred under the one-year statute of limitations.

A claim for damages under TILA must be brought within one year of the date of the occurrence of the violation.  15 U.S.C. § 1640(e).  Here, the alleged failure to provide the required disclosures occurred in connection with the consummation of the loan transaction on May 23, 2006.  (FAC ¶¶ 14, 60-63); see 115 U.S.C. § 1640; Regulation Z, 12 C.F.R. 226.17 ("the creditor shall make disclosures before consummation of the transaction").  Thus, the statute of limitations on a damages claim under TILA ran over two years ago.

Plaintiffs argue, however, that the Court should equitably toll the statute of limitations because Plaintiffs only learned of the alleged TILA violations after they consulted with counsel.  (Opp'n at 8; FAC ¶ 65.)  The Ninth Circuit has recognized the doctrine of equitable tolling in actions for damages under 15 U.S.C. § 1640(e).  King v. California, 784 F.2d 910, 915 (9th Cir. 1986)(equitable tolling "may, in appropriate circumstances, suspend the limitations period until the borrower discovers or had reasonable opportunity to discover the fraud or nondisclosures that form the basis of the TILA action").

However, equitable tolling is not warranted where the borrower simply fails to notice a lender's nondisclosure during the limitations period. See Hubbard v. Fidelity Federal Bank, 91 F.3d 75 (9th Cir. 1996).  In Hubbard, the court declined to apply equitable tolling to a borrower's claim for damages under TILA based on Fidelity's failure to make appropriate initial disclosures, noting that "nothing prevented [plaintiff] from comparing the loan contract, Fidelity's initial disclosures, and TILA's statutory and regulatory requirements" at an earlier time.  Id. at 79.  Further, courts in many other circuits have "held uniformly that fraudulent conduct beyond the nondisclosure itself is necessary to equitably toll the running of the statute of limitations."  Cardiello v. The Money Store, No. 00 CIV. 7332 (NRB), 2001 WL 604007, at *5 (S.D.N.Y. June 1, 2001) (citing cases).  In short, Plaintiffs' mere failure to notice the alleged TILA violations prior to consulting with counsel cannot support an argument for equitable tolling.

Plaintiffs' damages claim under TILA is therefore dismissed without leave to amend.

**D.   RESPA Claim**

Defendants argue that Plaintiffs' claim under the Real Estate Settlement Procedures Act ("RESPA") fails to state a claim, and is time-barred by the applicable statute of limitations.  The Court agrees in part, and disagrees in part.  Plaintiffs have stated a valid claim under RESPA, 12 U.S.C. §§ 2605(e) and 2607(b); however, the claim under section 2607(b) is time-barred.

First, regarding section 2605, Plaintiffs allege that, on February 24, 2009, their counsel sent Defendants a notice of rescission and a

13

1    Qualified Written Request ("QWR") for information regarding their loan,

2    consistent with RESPA, 12 U.S.C. § 2605(e)(1).  (FAC ¶¶ 35-37, Exh. 9

3    [QWR dated February 24, 2009].)  The QWR was attached to the First

4    Amended Complaint and contained the name and account number of the

5    borrower and provided a detailed request regarding the information

6    sought by the borrower. (FAC, Exh. 9.)  Plaintiffs further allege that

7    Defendants failed to respond to the QWR.  (FAC ¶ 38.)  These allegations

8    are sufficient to state a claim under section 2605(e) for the lender's

9    alleged failure to comply with its obligations to respond to a

10   borrower's QWR.

11       Further, Plaintiffs' claim under 12 U.S.C. 2605(e) is not time-

12   barred.  As provided under 12 U.S.C. § 2614, claims arising out of

13   violations of section 2605 are subject to a three-year statute of

14   limitations.  12 U.S.C. § 2614; see Snow v. First American Title

15   Insurance Co., 332 F.3d 356, 359 (5th Cir. 2003).  Plaintiffs' loan

16   closed on May 23, 2006 (FAC ¶ 14).  This action was filed on April 21,

17   2009, within three years of the alleged violation.  Thus, Plaintiffs'

18   claim under RESPA, section 2605 is not time-barred.

19       Defendants argue that the RESPA claim under 2605 nonetheless fails

20   because Defendants did, in fact, respond to Plaintiffs' QWR.  In

21   support of this argument, Defendants request that the Court take

22   judicial notice of two letters purportedly sent from Defendants to

23   Plaintiffs' counsel on April 3, 2009 and October 26, 2009, in response

24   to Plaintiffs' QWR.  (Request for Judicial Notice, Exhs. A and B.)

25        The Court denies Defendants' request.  The letters are not the

26   proper subject of judicial notice under Federal Rule of Evidence 201,

27   which requires that the evidence be "not subject to reasonable dispute"

28

1    and "capable of accurate and ready determination by resort to sources
2    whose accuracy cannot be questioned." Fed. R. Evid. 201.  The Court
3    cannot consider these documents on a Motion to Dismiss.[4]  Thus,
4    Plaintiffs have stated a valid claim under 12 U.S.C. § 2605(e).

5         Second, regarding Plaintiffs' claim under 12 U.S.C. § 2607(a),
6    Plaintiffs alleged that, during the closing of the loan transaction,
7    Plaintiffs were charged "with fees which were unearned, duplicative,
8    unreasonable, and unconnected to any actual services performed." (FAC ¶
9    69.)  Plaintiffs then list the various fees they were charged, the
10   amount of such fees, and to whom they were paid.  (Id.)  The list
11   contains fees paid to 5 separate entities involved in the transaction.
12   (Id.)  While these allegations arguably suffice to state a claim under
13   12 U.S.C. 2607(b), which prohibits a person from accepting any portion
14   of "any charge made or received for the rendering of a real estate
15   settlement service in connection with a transaction involving a
16   federally related mortgage loan other than for services actually
17   performed," the claim is time-barred.

18        Claims under 12 U.S.C. § 2607, unlike claims under section 2605,
19   are subject to a one-year statute of limitations.  See 12 U.S.C. §
20   2614.  The fees Plaintiffs allegedly paid in violation of 12 U.S.C. §
21   2607 were paid in connection with the loan closing on May 23, 2006.
22   (FAC ¶¶ 14, 69.)  Thus, the statute of limitations on Plaintiffs' claim
23   under section 2607 ran as of May 23, 2007.

24

25

26   _____
27   [4] Furthermore, even were the Court to consider these documents, by Defendants'
     own admissions, neither of the letters were sent within 20 days of receipt of
28   Plaintiffs' QWR, as required under 12 U.S.C. 2605(e)(1)(A).

For these reasons, Plaintiffs have stated a valid claim under RESPA, 12 U.S.C. § 2605(e).  However, Plaintiffs' claim for violation of RESPA, 12 U.S.C. § 2607 is dismissed without leave to amend.

**E.   FDCPA Claim**

Plaintiffs' fourth cause of action arises under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*  This claim unquestionably fails because Defendants are not debt collectors, and are therefore not subject to the FDCPA provisions.  1

"It is well-settled that provisions of the FDCPA generally apply only to debt collectors."  Scott v. Wells Fargo Home Mortgage Inc., 326 F. Supp. 2d 709, 717 (E.D. Va. 2003) (citing Pollice v. Nat'l Tax Funding, L.P., 225 F.3d 379 (3d Cir. 2000)); see also Cala v. Bush, 2008 WL 4279699, at *1 (N.D. Cal. 2008) ("[T]he FDCPA only governs the conduct of 'debt collectors' and civil liability under the FDCPA attaches only to 'debt collectors' who fail to comply with the FDCPA.").  A "debt collector" is defined under the statute as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another."  15 U.S.C. § 1692a(6).  By contrast, a "creditor" means "any person who offers or extends credit creating a debt or to whom a debt is owed . . . . ."  Id. § 1692a(4).

Lenders and mortgage companies are not "debt collectors" within the meaning of the FDCPA.  Ines v. Countrywide Home Loans, Inc., Case No. 08 CV 1267 WQH (NLS), 2008 U.S. Dist. LEXIS 55245, at *6-7 (S.D. Cal. July 18, 2008) (citing Williams v. Countrywide, 504 F. Supp. 2d

176, 190 (S.D. Tex. 2007)).  Recently, the Southern District of California held specifically that Defendant Countrywide is not a debt collector as defined under FDCPA.  <u>Tina v. Countrywide Home Loans, Inc.</u>, Case No. 08 CV 1233 JM (NLS), 2008 U.S. Dist. LEXIS 88302, at *18, fn.2 (S.D. Cal. Oct. 30, 2008).  Here, Defendants' actions appear targeted toward collecting their own debt, and not the debts of others.  Thus, because Defendants are not debt collectors, Plaintiffs' FDCPA claim fails.

Plaintiffs make a half-hearted attempt to argue that Defendants "are within the exception found in 15 U.S.C. § 1692a(6)(F)(iii)" because this case concerns the collection of a debt already in default.  This argument makes little sense.  Subsection 1692a(6)(F)(iii) lists an exclusion to the term "debt collector;" thus, even if Defendants fell within that subsection (which they do not), this would establish that Defendants were *not* debt collectors, and thus not subject to the substantive provisions of the Act.

For these reasons, the Court dismisses Plaintiffs' claim under the FDCPA without leave to amend.

**F.   Unfair Competition Claim**

Defendants seek to dismiss Plaintiffs' claim for unfair competition under California Business and Professions Code section 17200 *et seq.* ("UCL") the ground that Plaintiffs have failed to state facts indicating that Defendants engaged in "unlawful, fraudulent, and unfair business practices."  Defendants argue that because Plaintiffs based their claims on the alleged violations of TILA and the FDCPA, if those claims fail, the UCL claim necessarily fails as well.  However, as the Court has already held that Plaintiffs' FAC states a valid claim

17

for violation of the TILA, Defendants' argument lacks merit.

Thus, Defendants' motion to dismiss the Fifth Cause of Action is DENIED.

### G.   Quiet Title

Plaintiffs' final cause of action for quiet title fails to state a claim for the reasons stated in Defendants' motion.  California's quiet title statute has six requirements.  First, the Complaint must be verified.  Further, the Complaint must allege all of the following: (1) a description of the property; (2) the title of the plaintiff and the basis for title; (3) the adverse claims to the title of the plaintiff against which a determination is sought; (4) the date as of which the determination is sought; and (5) a prayer for determination of the title against those adverse claims.  Cal. Civ. Proc. Code § 761.020(a)-(e).

Plaintiffs' FAC fails to meet these requirements because it is not verified.  Further, there are no factual allegations indicating that Defendants have an adverse claim to the title of the plaintiff.  As stated above, the loan is not in foreclosure, and Plaintiffs do not allege as much.

Thus, Plaintiffs quiet title claim is DISMISSED with leave to amend.

### H.   Request to Expunge Lis Pendens

Defendants' request to expunge the Notice of Lis Pendens that Plaintiffs filed against the property is DENIED.  A party to an action alleging a "real property claim," may record a notice of pendency of action with the county recorder.  Cal. Code Civ. Proc. § 405.20.  A "real property claim" is one that, if meritorious, would affect title

to, or the right of possession of, specific real property . . .  Id. § 405.4  Review of whether the action states a real property claim only involves "a review of the adequacy of the pleadings." Kirkeby v. Superior Court, 33 Cal. 4th 642, 647 (2004).

Here, because the Court has held that Plaintiffs' FAC states a valid claim for rescission under TILA, which affects title and the right to possession, the FAC adequately alleges a real property claim. Defendants' request to expunge the lis pendens is DENIED.

**IV.  CONCLUSION**

For the reasons stated, Defendants' Motion to Dismiss is GRANTED as to the Second, Fourth, and Sixth Causes of Action.  Plaintiffs are given 20 days from the date of this Order leave to amend the Sixth Cause of Action for Quiet Title.  The Second and Fourth claims are DISMISSED without leave to amend, as amendment would be futile.

The Motion is DENIED as to Plaintiffs' First, Third, and Fifth Causes of Action.


IT IS SO ORDERED.



DATED:    12/03/09


                                  STEPHEN V. WILSON

                                  UNITED STATES DISTRICT JUDGE